HELEN GOODSON, APPELLANT, V. ABRAHAM E. GOODSON, APPELLEE.

FILED JUNE 13, 1911. No. 16,477.

1. **Divorce:** EXTREME CRUELTY: EVIDENCE. Action for divorce from bed and board and separate maintenance upon the ground of extreme cruelty. The prayer of the petition being denied by the district court, plaintiff appeals. The conclusions arrived at from reading the bill of exceptions are set out in the opinion, and it is found that, while the results of plaintiff's marriage with defendant have been most unfortunate, no sufficient reason is discovered why the decree of the district court dismissing plaintiff's petition should not be affirmed.

2. ———: AFFIRMANCE. No question of law being involved in the case, the decree of the district court is affirmed upon a review of the established facts.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Charles S. Elgutter,* for appellant.

*Smyth, Smith & Schall,* contra.

REESE, C. J.

This action, by the wife and against the husband, is for a decree of separation from bed and board and for maintenance. The petition was filed in the office of the

clerk of the district court for Douglas county on the 9th day of November, 1908, in which it was alleged that plaintiff and defendant were married in the city of Omaha on the 12th day of November, 1907, and that they lived and cohabited together until the 8th day of September, 1908, when, on account of the extreme cruelty of defendant to plaintiff, she left him, and since which time they have not cohabited together. The acts of alleged cruelty are set out in the petition, which, if established by proof, would entitle plaintiff to the relief sought. The marriage, at the time and place alleged, is admitted in the answer; but the several acts of cruelty alleged are specifically denied, and it is alleged that prior to the marriage defendant had been previously married and had two children of tender years, one of which was a boy, and the other a girl, the younger, all of which plaintiff well knew; that those children and plaintiff constituted defendant's family; that soon after the marriage plaintiff formed a dislike to one of defendant's children, the little girl, and within two months after the marriage threatened to leave defendant unless he sent the child away, which he did, by placing it with his mother; that he afterward caused the child to be returned to his home, when plaintiff left and has not since returned. The reply is a general denial, except as to the knowledge of defendant's previous marriage and of his two children. A trial was had to the court, which resulted in a modified finding against plaintiff, and a denial of the decree of separation. Plaintiff appeals.

There is no serious question of law involved; the contention of plaintiff being that the decision of the district court is not sustained by, and is contrary to, the evidence. The case was argued at the bar of this court, and the evidence has been elaborately briefed by counsel for both parties. We do not deem it necessary to set out, nor specifically review, the facts nor the testimony of the various witnesses, as no possible good could result therefrom, but choose rather to state our conclusions there-

from. Upon a thorough consideration of all the evidence, we are satisfied that the marriage has been a most unfortunate one for plaintiff. Prior to her marriage she was in good health, and a comparatively sound woman, but of a delicate nervous system and temperament. Soon after the marriage she became pregnant, and by reason thereof she lost her health, suffered great pain, and became very nervous, finally verging on to nervous prostration. The prostration of her nervous system continued after the birth of her child (which died the second day after its birth), and so continued up to the time of the trial of this case. There is no doubt of her apparent unreasonable dislike of, and her aversion to, defendant's little girl. But this, while unreasonable, is explained by the overwhelming proof as to her mental and physical condition, and which should have called forth the sympathy and charity of her husband, who, as he was closely connected with the medical profession, being a massage artist in the office of two prominent medical practitioners, should have extended his help, aid and assistance to her, and overlooked her unreasonable demands and her peculiarities, no doubt produced by her marriage to him, which he, to some extent, failed to do. As a provider for the household and his willingness to meet her every physical and financial demand he seems not to have been wanting. What he really lacked was charity and comradeship for his wife in her mental and physical distress. He seems to have been willing to supply all her physical wants, and sought to have her return to his home after her departure, yet, when inexcusably exasperated by her talk and demeanor, he sought and threatened to commit suicide. He never committed any violence as against her, nor, if his testimony is to be believed, threatened any; yet, since he was in a degree responsible for her weakened and distracted mental condition and her physical ailments, he seems to have withheld from her that sympathy, forbearance and fellowship he might and should have extended to her at that critical time in her life. In her

condition the very presence of the little girl in the home seemed to render her distracted, while she was warmly attached to the child's brother, a few years older, from the beginning. The whole of her married life was most unfortunate and distressing, and she is entitled to, and should receive, the active sympathy of all.

We are unable to see that the decree of the district court should be reversed. It is therefore affirmed, but at the cost of the defendant.

AFFIRMED.